IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DISABLED PATRIOTS OF AMERICA, INC., and MARCUS M. INGRAM, | : : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 1:06-CV-2268-RWS |
| v. | : : | |
| GWINNETT POINT SC, LLC, | : : | |
| Defendant. | : | |

## ORDER

This case is before the Court for consideration of the following motions: Defendant's Motion for Sanctions or Alternatively to Compel Discovery and to Extend Discovery Period [23]; Plaintiffs' Motion to Compel Rule 34 Inspection [24]; Plaintiffs' Motion to Compel Responses to Plaintiffs' First Set of Interrogatories [26]; Plaintiffs' Motion to Compel Full and Complete Responses to Plaintiffs' Request for Production [27]; and Plaintiffs' Motion for Status Conference and For an Extension of the Discovery Deadline [37]. As an initial matter, Plaintiffs' Motion for Status Conference [37] was **GRANTED**, and the Court conducted a status conference with counsel on November 20, 2007.

A review of the pending Motions and representations of counsel at the

status conference reveals that discovery is being hampered in this case by several issues. Defendant is concerned that, based upon Plaintiffs' litigation history, "Plaintiffs are part of a growing trend of filing a new wave of ADA cases in various jurisdictions around the country. The pattern is to target *de minimus* violations of the Act requesting injunctions and then settling for attorney's fees and expenses." (Pls.' Memo. of Law [23] at 3). Because of their involvement in mass filings, Defendant urges the Court to view Plaintiffs' actions with skepticism.

Defendant also wishes to take the depositions of Plaintiffs before Defendant conducts a Rule 34 inspection of Defendant's property. Defendant noticed the depositions prior to Plaintiffs serving any discovery requests upon Defendant. Defendant particularly wishes to question Plaintiff Ingram regarding his standing to bring this action.

Finally, Defendant seeks to preclude Plaintiffs from obtaining discovery about its financial condition until Plaintiffs have produced evidence of existing barriers and suggested methods of barrier removal. (Def.'s Resp. [30] at 4). Defendant challenges Plaintiffs' previous responses because they lack specificity about the barriers on the property. Also, Defendant is concerned that its financial information, which it contends is confidential, is sought by

2

Plaintiffs solely to force Defendant into a settlement.

Plaintiffs' primary concern is that they not be limited to barriers that they disclose at this stage of the discovery.  Plaintiffs seek to reserve the right to disclose barriers and proposed remedies until their expert conducts a Rule 34 inspection of the premises.

The Court appreciates Defendant's concerns about Plaintiffs' litigation history.  The Court is also troubled that Plaintiffs' responses to discovery lack appropriate specificity.  This is particularly true in disclosures about alleged barriers.  The disclosures are stated in broad, general terms that do little to apprise Defendant of Plaintiffs' actual complaint.  However, the fact that Plaintiffs have litigated other ADA claims does not bar them from the Court.  The Court finds that their litigation history does not justify dismissal of their case.  Plaintiffs will be expected, however, to treat this case as a unique case.  Boilerplate responses will not be adequate. Responses to discovery must be specific to this case.  The Court finds, that based upon its timely pursuit of discovery, Defendant is entitled to take the deposition of Ingram before the Rule 34 inspection.  At the status conference, counsel agreed to confer to set a deposition date on which the inspection can immediately follow the deposition.

Based upon the Court's review of the law, the Court finds that Defendant

3

is not entitled to withhold financial discovery until Plaintiffs make an evidentiary showing of barriers and proposed remedies. Cases cited by Defendant involve shifting burdens on motions for summary judgment. Gathright-Dietrich v. Atlanta Landmarks, Inc., 452 F.3d 1269 (11th Cir. 2006); Access Now, Inc. v. South Fla. Stadium Corp., 161 F.Supp. 2d 1357 (S.D. Fla. 2001). These principles do not apply in discovery. Access for the Disabled, Inc. v. Brinker Fla., Inc., No. 02-80259-CIV-Gold/Simonton (S.D. Fla. Dec. 13, 2002).

Plaintiffs are entitled to a Rule 34 inspection. However, the Court will reserve ruling on whether Plaintiffs will be limited to barriers disclosed prior to inspection. Substantial authority from district courts within the Eleventh Circuit supports a conclusion that a plaintiff may not complain about barriers about which he was unaware at the time of the filing of his lawsuit. Access Now, Inc., 161 F.Supp. 2d at 1366; Resnick v. Magical Cruise Co., Ltd., 148 F.Supp. 2d 1298, 1302 (M.D. Fla. 2001); Brother v. CPL Investments, Inc., 317 F.Supp. 2d 1358, 1368 (S.D. Fla. 2004). Therefore, the Court makes no decision regarding the admissibility of evidence of barriers not identified in the complaint. Plaintiffs are obligated to fully disclose in their discovery responses those barriers that served as the foundation for bringing this action. This

disclosure must be sufficiently specific to allow Defendant to identify the actual barriers alleged by Plaintiffs.

In light of the foregoing findings, the parties are **DIRECTED** to confer and schedule the Ingram deposition and Rule 34 inspection as soon as possible. Further, counsel are **DIRECTED** to confer and schedule production of documents. Plaintiffs are **ORDERED** to supplement their responses to Defendant's First Interrogatories 1, 4, 5, 7, 10, and 14 within 10 days of the entry of this Order. Defendant is **ORDERED** to supplement its responses to Plaintiffs' First Set of Interrogatories 5, 7, 8, 20, and 22 within 10 days of the entry of this Order. Within 10 days after Plaintiff provides complete answers to the Interrogatories above, Defendant shall supplement its responses to Plaintiffs' Interrogatories 2 and 3.

In its Response [31] to Plaintiffs' Motion to Compel Full and Complete Responses to Plaintiffs' Request for Production [27], Defendant asserts that Plaintiffs failed to comply with the requirement of a good-faith conference to resolve the discovery dispute. No reply was filed to the Response. Therefore, Plaintiffs' Motion will be **DENIED**.

In conclusion, Defendant's Motion for Sanctions [23] is **DENIED** and to Compel Appearance at Depositions [23] is **GRANTED**. Plaintiffs' Motion to

5

Compel Rule 34 Inspection [24] is **GRANTED**; Plaintiffs' Motion to Compel Responses to Plaintiffs' First Set of Interrogatories [26] is **GRANTED IN PART** and **DENIED IN PART**; Plaintiffs' Motion to Compel Full and Complete Responses to Plaintiffs' Request for Production [27] is **DENIED**; and Defendant's Motion for Extension of Time to Complete Discovery [23] and Plaintiffs' Motion for Extension of Time to Complete Discovery [37] are **GRANTED**.  The discovery period is hereby **EXTENDED** through ninety (90) days from the date of entry of this Order.

    **SO ORDERED**, this   3rd   day of December, 2007.

_/s/ Richard W. Story_
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)